Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: (408) 264-8489
Facsimile: (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Voice: (949) 310-0817
Fax: (949) 288-6894
E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 12 1740 LB

| | |
|---|---|
| DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC. THE SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KAMALA HARRIS – as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF <br><br> FEDERAL CLAIMS: SECOND, FOURTH, FIFTH, and FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION <br><br> 42 U.S.C. §§ 1983, 1988 <br><br> SUPPLEMENTAL STATE LAW CLAIMS: <br><br> CONVERSION <br><br> CA PENAL CODE § 33885 |

## PARTIES

1. Plaintiff DOUGLAS W. CHURCHILL is an individual who is a citizen of the United States and resident of San Francisco County.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 1 of 11     Complaint

2. Plaintiff PETER LAU is an individual who is a citizen of the United States and resident of Alameda County.

3. Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. As part of CGF's mission to educate the public – and gun-owners in particular – about developments in California's firearm laws, CGF assists in the maintenance and contributes content to an internet site called Calguns.net. [http://www.calguns.net/calgunforum/index.php] On that website CGF informs its members and the public at large about pending civil and criminal cases, including but not limited to: arrests, convictions and appeals relating to California gun law. The website hosts forums and publishes notices that document the concerns that California gun owners have about possible arrest, prosecution and conviction for running afoul of California's vague and ambiguous firearm laws. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

4. Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washtington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

5. Both THE CALGUNS FOUNDATION, INC., and the SECOND

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

AMENDMENT FOUNDATION, INC., spend a considerable amount of time and resources defending gun owners in court (both criminal and civil actions) and bringing public interest lawsuits to vindicate the rights of California gun owners.

6. Defendant KAMALA HARRIS is the Attorney General of the State of California and she is obligated to supervise her agency and comply with all statutory duties under California Law. She is charged with enforcing, interpreting and promulgating regulations regarding procedures for return of firearms pursuant to state law. CA Penal Code §§ 26590, 33850-33895.

7. Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the State of California, headed by the Attorney General of the State, with a statutory duty to enforce, administer and interpret the law and promulgate regulations regarding the return of firearms under CA Penal Code §§ 26590, 33850-33895.

8. Plaintiffs seek only prospective injunctive relief from the Defendants KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE with respect to letters they issue as part of the administrative procedures set forth in CA Penal Code §§ 26590, 33850-33895.

9. Defendant CITY/COUNTY OF SAN FRANCISCO is a state actor located in the State of California. Defendant CITY/COUNTY OF SAN FRANCISCO is responsible for setting the policies and procedures of San Francisco Police Department, including but not limited to setting policy and conducting training and discipline of peace officers employed by Defendant with respect to the implementation of CA Penal Code §§ 26590, 33850-33895.

10. Defendant SAN FRANCISCO POLICE DEPARTMENT is an agent of the CITY/COUNTY OF SAN FRANCISCO.

11. Defendant CITY OF OAKLAND is a state actor located in the State of California. Defendant CITY OF OAKLAND is responsible for setting the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 3 of 11     Complaint

1 policies and procedures of Oakland Police Department, including but not
2 limited to setting policy and conducting training and discipline of peace
3 officers employed by Defendant with respect to the implementation of CA
4 Penal Code §§ 26590, 33850-33895.
5 12. Defendant OAKLAND POLICE DEPARTMENT is an agent of the CITY OF
6 OAKLAND.

## JURISDICTION AND VENUE

8 13. This action arises under the United States Constitution, this Court also has
9 jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 1983, 1988.
10 14. As the Plaintiffs are seeking declaratory relief, this Court has jurisdiction
11 over this action pursuant to 28 U.S.C. §§ 2201 and 2202.
12 15. Venue for this action is properly in this District pursuant to 28 U.S.C. § 1391.
13 16. All conditions precedent, including exhaustion of administrative remedies
14 where required, have been performed, have occurred, are futile or
15 unnecessary where the government infringes on a fundamental right.

## FACTS: CHURCHILL

18 17. On or about February 4, 2011, the San Francisco District Attorney's Office
19 dismissed charges against DOUGLAS CHURCHILL in a case with Court
20 Number: 11001123. The Action Number was: CC001928, 929.
21 18. As part of the investigation in this case the San Francisco Police Department
22 confiscated several firearms from the DOUGLAS CHURCHILL on or about
23 January 11, 2011. DOUGLAS CHURCHILL was issued a receipt for the
24 firearms. The officer who took possession of the firearms was named
25 Brandenburg and his badge number is 318. The officer who witnessed the
26 receipt is unknown but his badge number is 2070.
27 19. After the charges were dismissed against him, DOUGLAS CHURCHILL
28 completed a Law Enforcement Gun Release Application pursuant to (then)

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Penal Code § 12021.3.[1] This application was tendered to the Defendant CALIFORNIA DEPARTMENT OF JUSTICE.

20. Through the months of April and June of 2011 the Defendant CALIFORNIA DEPARTMENT OF JUSTICE approved the release of some, but not all of DOUGLAS CHURCHILL's firearms. Specifically, the letters issued by KAMALA HARRIS contain the following relevant language (w/o citations):

a. "However, this letter does not establish or prove ownership of any firearm."

b. "It is your responsibility to prove that own or have a right to possess any firearm in the custody of a court or law enforcement agency that you wish to have returned to you. A court or LEA with direct access to DOJ's Automated Firearms System (AFS), is required to check AFS to determine whether the person seeking return of a firearm is listed as the owner/purchaser of the firearm(s) sought to be returned."

c. "In the case of any firearm (handgun/long gun) that is recorded in AFS, the firearm can only be returned to the person who is listed in AFS as the owner/possessor of the firearm, and not to any other person."

d. "However, a court or LEA may return such a handgun to a person who demonstrates that the handgun was transferred to him or her in a manner that was lawful, but was not required pursuant to Penal Code section 12077 to be recorded in DOJ's records."

e. "In the case of a long gun that is not recorded in AFS, the long gun can be returned to a person who is not listed in AFS as the owner/possessor of the long gun because AFS generally does not include ownership/possession information about long guns."

f. "The person seeking return of a long gun not recorded in AFS must

---

[1] As of January 1, 2012, California has renumbered is weapons control statutes. The relevant codes now are: CA Penal Code §§ 26590, 33850-33895.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*   Page 5 of 11   Complaint

present proof of ownership, such as a sales receipt from a licensed firearms dealer, or other bona fide evidence the long gun was sold or transferred to him or her in compliance with state and federal law."

21. This form letter, which carries the weight of the legal opinion of California Attorney General's Office, is being interpreted by the San Francisco Police Department as requiring gun owners to "prove up" their right to have their personal property returned to them; even as the government admits that no "official" records of said ownership exist for long guns and that "official" records may not exist with respect to handguns.

22. Furthermore, California Evidence Code § 637 creates a presumption that a thing possessed by a person is owned by him.

23. Although Defendant CITY/COUNTY OF SAN FRANCISCO has an independent duty to interpret California law, the confusion created by the Attorney General's form letter is contributing factor in the continuing violation of DOUGLAS CHURCHILL's rights.

24. DOUGLAS CHURCHILL seeks return of the following firearms which are his lawful property:

   a. Ruger Model 10/22 – .22 Cal Rifle.
   b. Remington Model 552 – .22 Cal Rifle with scope and brown gun case.
   c. Marlin Model 39A – .22 Cal Rifle with scope and green case.
   d. Winchester Model 37 – 20 Gauge shotgun.
   e. Browning Model 12 – 12 Gauge shotgun with two barrels and brown case.
   f. Remington 12 Gauge Barrel only in black case.
   g. Savage Arms – .22 Cal single shot handgun.

## FACTS: LAU

25. PETER LAU's firearms were taken into custody by the Oakland Police Department in connection with an investigation into his brother's suicide.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 6 of 11     Complaint

26. After completing the administrative procedures for the return of his firearms, PETER LAU was informed that they OAKLAND POLICE DEPARTMENT would not return one of his rifles because that department believed that the firearm was an assault weapon under California Penal Code § 12276.1.

27. In fact, PETER LAU's firearm is NOT an assault weapon due to its lacking the feature of a detachable magazine. The firearm in question has a "bullet button" installed on the magazine release button which requires the use of a tool to remove the magazine and thus if falls outside of the definition of a California Assault Weapon.

28. PETER LAU seeks the return of his rifle.

## FIRST CLAIM - SECOND AMENDMENT

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. The Second Amendment to the United States Constitution provides in part that "the Right of the People to keep and bear arms shall not be infringed."

31. Defendants KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE have wrongfully interpreted the law of personal property and firearms in particular. Said wrongful interpretation is a contributing factor in a continuing violation of Plaintiffs' Second Amendment rights. Plaintiffs seek only declaratory/injunctive relief against these Defendants.

32. Defendants CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 wrongful interpretation of current law and the continuing wrongful retention of Plaintiffs' arms violates the Second Amendment as applied to the States through the Fourteenth Amendment's due process clause.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## SECOND CLAIM - FOURTH AMENDMENT

33. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.
34. The Fourth Amendment to the United States Constitution provides in part that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."
35. Plaintiffs seek no remedy against KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE under this claim.
36. The Defendants' CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 wrongful possession of Plaintiffs' personal property has ripened into a unreasonable seizure and violates Plaintiffs' Fourth Amendment rights as applied to the States through the Fourteenth Amendment's due process clause.

## THIRD CLAIM - FIFTH AMENDMENT

37. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.
38. The Fifth Amendment to the United States Constitution provides: "... nor shall private property be taken for public use, without just compensation."
39. Plaintiffs seek no remedy against KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE under this claim.
40. Defendants' CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 continued possession of Plaintiffs' personal property amounts to a *de facto* taking without just compensation and violates Plaintiff's Fifth Amendment rights as that applied to the States through the Fourteenth Amendment due process clause.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*        Page 8 of 11        Complaint

## FOURTH CLAIM - FOURTEENTH AMENDMENT

41. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

42. The Fourteenth Amendment to the United States Constitution provides in part that: "... nor shall any State deprive any person of ... property, without due process of law."

43. Defendants KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE have wrongfully interpreted the law of personal property and firearms in particular resulting in a violation of due process. Plaintiffs seek declaratory/injunctive relief against these Defendants.

44. Defendants CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 continued possession of Plaintiffs' personal property, after he has availed himself of the administrative processes required by law, is a deprivation of property without due process in violation of the Fourteenth Amendment.

## FIFTH CLAIM - STATE LAW: Conversion

45. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

46. Plaintiffs seek no remedy against KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE under this claim.

47. By continuing to exercising dominion and control over Plaintiffs' lawfully owned personal property, and thus depriving him of possession, Defendants CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 have wrongfully converted said property to their use.

////
Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**SIXTH CLAIM - STATE LAW: CALIFORNIA PENAL CODE § 33850 et seq.**

48. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

49. California Penal Code § 33885 provides that: "In a proceeding for the return of a firearm seized and not returned pursuant to this chapter, where the defendant or cross-defendant is a law enforcement agency, the court shall award reasonable attorney's fees to the prevailing party."

50. Plaintiffs seek no remedy against KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE under this claim.

51. Plaintiffs hereby seeks an award of attorney fees and costs from CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20 under state law for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court will enter judgment as follows:

A. Declaratory and injunctive relief that all Defendants must apply correct and well established legal principles for determining ownership and possession of firearms by law-abiding citizens, including but not limited to the presumptions in California Evidence Code § 637 with respect to long guns and handguns owned prior to the creation of the State's AFS system.

B. Declaratory and injunctive relief that all Defendants must immediately participate in efforts necessary to return Plaintiffs' property.

C. Damages – if necessary – from CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20

D. Award Plaintiffs their reasonable attorney fees and costs under 28 U.S.C. § 2412, 42 U.S.C. § 1988 and/or California Penal Code § 33885.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 | E.     Such other and further relief as this Court deems just and proper.

2     Respectfully Submitted on March 30, 2012,

3     /s/
       Donald E.J. Kilmer, Jr., (SBN: 179986)

4     Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487