DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
CHRISTINE VAN AKEN, State Bar #241755
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-4633
Facsimile:     (415) 554-4699
E-Mail:        christine.van.aken@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
SAN FRANCISCO POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC., THE SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KAMALA HARRIS – as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20, <br><br> Defendants. | Case No. C12-1740 LB <br><br> **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO POLICE DEPARTMENT'S ANSWER TO COMPLAINT** <br><br> Trial Date:          None Set |

On behalf of themselves and no other person or entity, Defendants City and County of San Francisco and the San Francisco Police Department ("San Francisco") hereby answer and respond to the Complaint and Request for Injunctive/Declaratory Relief ("Complaint"), filed by Plaintiffs Douglas Churchill, Peter Lau, the Calguns Foundation, Inc, and the Second Amendment Foundation, filed on April 6, 2012, as follows:

**PARTIES**

1. Responding to Paragraph 1 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

2. Responding to Paragraph 2 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

3. Responding to Paragraph 3 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

4. Responding to Paragraph 4 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

5. Responding to Paragraph 5 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

6. Responding to Paragraph 6 of the Complaint, San Francisco admits that Kamala Harris is the Attorney General of the State of California. The remainder of Paragraph 6 of the Complaint contains legal conclusions to which no response is required.

7. Responding to Paragraph 7 of the Complaint, San Francisco admits that the California Department of Justice is an agency of the State of California. The remainder of Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Responding to Paragraph 8 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

9. Responding to Paragraph 9 of the Complaint, San Francisco admits that the City and County of San Francisco is a unit of local government, a subdivision of the State of California in its capacity as a county, and a state actor for purposes of liability under 42 U.S.C. § 1983. San Francisco admits that officers of the City and County of San Francisco are responsible for setting the policies and

1  procedures of the San Francisco Police Department with respect to any and all duties that department has concerning implementation of sections of the California Penal Code.  As to the Complaint's allegations of duties the San Francisco Police Department has with respect to implementation of California Penal Code sections 26590 and 33850 to 33895, these are legal conclusions to which no response is required.

10. Responding to Paragraph 10, of the Complaint, San Francisco admits that the San Francisco Police Department is an agency and an agent of the City and County of San Francisco.

11. Responding to Paragraph 11 of the Complaint, these allegations are not made against San Francisco and San Francisco has no response to them except to admit that the City of Oakland is a unit of local government within the State of California that, upon San Francisco's information and belief, has a police department.

12. Responding to Paragraph 12 of the Complaint, San Francisco admits upon information and belief that the Oakland Police Department is an agency and an agent of the City and County of San Francisco.

**JURISDICTION AND VENUE**

13. Responding to Paragraph 13 of the Complaint, this paragraph contains only legal conclusions to which no response is required.

14. Responding to Paragraph 14 of the Complaint, this paragraph contains legal conclusions to which no response is required.

15. Responding to Paragraph 15 of the Complaint, this paragraph contains legal conclusions to which no response is required.

16. Responding to Paragraph 16 of the Complaint, San Francisco denies the allegations.

**FACTS: CHURCHILL**

17. Responding to Paragraph 17 of the Complaint, San Francisco admits the allegations upon information and belief.

18. Responding to Paragraph 18 of the Complaint, San Francisco admits the allegations upon information and belief.

CCSF'S ANSWER TO COMPLAINT                     2                         n:\govlit\li2012\121243\00782043.doc
CASE NO. C12-1740 LB

19. Responding to Paragraph 19 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

20. Responding to Paragraph 20 of the Complaint, including its subparagraphs (a) through (f) but excluding footnote 1, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations. Responding to footnote 1 to Paragraph 20 of the Complaint, this footnote contains legal conclusions to which no response is required.

21. Responding to Paragraph 21 of the Complaint: to the extent that this paragraph states the legal conclusion that the Attorney General's form letter carries the weight of the legal opinion of the California Attorney General's Office, this is a legal conclusion to which no response is required. The remainder of this paragraph is vague as to its use of the terms "prove up," "official," and "the government." Interpreting the paragraph to allege that the San Francisco Police Department has a policy of requiring gun owners to provide proof of AFS registration of a particular gun to a particular owner in every instance, San Francisco denies the factual allegations of Paragraph 21.

22. Responding to Paragraph 22 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

23. Responding to Paragraph 23 of the Complaint, the assertion in this paragraph that the City and County of San Francisco has an independent duty to interpret California law is a legal conclusion to which no response is required. Responding to the remaining allegations of this paragraph, San Francisco denies that Plaintiff Douglas Churchill's rights have been violated and otherwise denies the allegations for lack of information or belief.

24. Responding to Paragraph 24 of the Complaint, San Francisco admits that Plaintiff Douglas Churchill seeks through this lawsuit the return of the firearms listed in subparagraphs (a) through (g) of Paragraph 24 and admits that firearms that appear to match the descriptions in subparagraphs (a) through (g) of Paragraph 24 were seized from a residence on January 10, 2011 in an incident for which Plaintiff Douglas Churchill was booked. Except as otherwise admitted here, San Francisco denies the allegations of Paragraph 24.

## FACTS: LAU

25. Responding to Paragraph 25 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

26. Responding to Paragraph 26 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

27. Responding to Paragraph 27 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

28. Responding to Paragraph 28 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

## FIRST CLAIM – SECOND AMENDMENT

29. Responding to Paragraph 29 of the Complaint, San Francisco incorporates its response to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Responding to Paragraph 30 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

31. Responding to Paragraph 31 of the Complaint, this paragraph contains a legal conclusion and/or involves allegations against other Defendants as to which no response is required by San Francisco.

32. Responding to Paragraph 32 of the complaint, San Francisco denies the allegations of this paragraph.

## SECOND CLAIM – FOURTH AMENDMENT

33. Responding to Paragraph 33 of the Complaint, San Francisco incorporates its response to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Responding to Paragraph 34 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

35. Responding to Paragraph 35 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

36. Responding to Paragraph 36 of the complaint, San Francisco denies the allegations of this paragraph.

### THIRD CLAIM – FIFTH AMENDMENT

37. Responding to Paragraph 37 of the Complaint, San Francisco incorporates its response to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

38. Responding to Paragraph 38 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

39. Responding to Paragraph 39 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

40. Responding to Paragraph 40 of the complaint, San Francisco denies the allegations of this paragraph.

### FOURTH CLAIM – FOURTEENTH AMENDMENT

41. Responding to Paragraph 41 of the Complaint, San Francisco incorporates its response to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Responding to Paragraph 42 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

43. Responding to Paragraph 43 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

44. Responding to Paragraph 44 of the complaint, San Francisco denies the allegations of this paragraph.

### FIFTH CLAIM – STATE LAW: CONVERSION

45. Responding to Paragraph 45 of the Complaint, San Francisco incorporates its response to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Responding to Paragraph 46 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

47. Responding to Paragraph 47 of the complaint, San Francisco denies the allegations of this paragraph.

### SIXTH CLAIM – STATE LAW: CALIFORNIA PENAL CODE §§ 33850 *ET SEQ.*

48. Responding to Paragraph 48 of the complaint, San Francisco incorporates its response to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Responding to Paragraph 49 of the Complaint, this paragraph contains a legal conclusion to which no response is required.

50. Responding to Paragraph 50 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations.

51. Responding to Paragraph 51 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations and on that basis denies the allegations and denies that Plaintiffs are entitled to receive attorneys' fees or costs from San Francisco.

**PRAYER FOR RELIEF**

San Francisco denies that Plaintiffs have been injured or have suffered any harm or damages, and further deny that Plaintiffs are entitled to any relief requested in the Complaint, or to any relief in any amount or of any kind whatsoever.

**AFFIRMATIVE DEFENSES**

San Francisco asserts the following separate and affirmative defenses, without conceding that it has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action under applicable law.

2. The Complaint fails because it is not ripe for adjudication or because it does not presently present a case or controversy.

3. The Complaint fails because is moot in whole or in part.

4. San Francisco did not deprive plaintiffs of any right or privilege guaranteed by the Constitution or laws of the United States.

5. Plaintiffs lack standing to bring each purported cause of action contained in the Complaint.

6. Plaintiffs have failed to exhaust their administrative remedies.

7. This Court should abstain from hearing and deciding this action.

8. The Court lacks jurisdiction over Plaintiffs' state law claims.

/ / /

/ / /

WHEREFORE, San Francisco prays for judgment as follows:

1. That Plaintiffs take nothing by the Complaint.

2. That the Complaint be dismissed with prejudice and judgment entered in favor of the San Francisco.

3. That San Francisco be awarded its costs, including reasonable attorneys' fees, incurred in the defense of this action.

4. For such other and further relief as the Court may deem just.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.

Dated:  July 27, 2012

>                    DENNIS J. HERRERA
>                    City Attorney
>                    WAYNE SNODGRASS
>                    CHRISTINE VAN AKEN
>                    Deputy City Attorneys
>
>
>              By:   s/*Christine Van Aken*
>                    CHRISTINE VAN AKEN
>
>                    Attorneys for Defendants CITY AND COUNTY OF
>                    SAN FRANCISCO and SAN FRANCISCO POLICE
>                    DEPARTMENT