1  KAMALA D. HARRIS
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  DANIEL J. POWELL
   Deputy Attorney General
4  State Bar No. 230304
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5830
6    Fax:  (415) 703-1234
     E-mail:  Daniel.Powell@doj.ca.gov
7  *Attorneys for Defendants*
   *Kamala D. Harris, Attorney General of California*
8  *California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC., THE SECOND AMENDMENT FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS - as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20,**<br><br>Defendants. | 12-1740 (LB)<br><br>**DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL OF CALIFORNIA AND CALIFORNIA DEPARTMENT OF JUSTICE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         October 18, 2012<br>Time:        11:00 a.m.<br>Courtroom: C, 15th Floor<br>Judge:       The Honorable Laurel Beeler |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 18, 2012 at 11:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom C of the above-entitled court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, defendants Kamala D. Harris, Attorney General of California, and the California Department of Justice will move this Court for an order under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) dismissing the complaint for injunctive relief because the suit is barred by the Eleventh Amendment and because it fails to state a claim for which relief can be granted.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings, papers, and documents on file with the Court, and the oral argument of counsel.

Dated: August 30, 2012                                  Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
*Attorneys for Defendants*
*Kamala D. Harris, Attorney General of California; California Department of Justice*

**TABLE OF CONTENTS**

                                                **Page**

Introduction .................................................................................................................................... 1

Background ..................................................................................................................................... 1

Argument ........................................................................................................................................ 4

   I.   The Attorney General and CalDOJ are immune from suit pursuant to the Eleventh Amendment. ............................................................................................ 4

   II.  Requiring claimants to establish ownership of the weapons does not violate the Second Amendment ................................................................................... 7

   III.  Requiring proof of ownership does not violate the due process clause. ................ 9

Conclusion .................................................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Agua Caliente Band of Cahuilla Indians v. Hardin*
   223 F.3d 1041 (9th Cir. 2000) .................................................................................... 5

*Almond Hill Sch. v. U.S. Dept. of Agric.*
   768 F.2d 1030 (9th Cir. 1985) .................................................................................... 5

*Alvares v. Erickson*
   514 F.2d 156 (9th Cir. 1975) ...................................................................................... 4

*Armstrong v. Manzo*
   380 U.S. 545 (1965) ................................................................................................... 9

*Associated Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*
   459 U.S. 519 (1983) ................................................................................................... 4

*Atascadero State Hasp. v. Scanlon*
   473 U.S. 234 (1985) ................................................................................................... 5

*California Assn. of Psychology Providers v. Rank*
   51 Cal.3d 1 (1990) ..................................................................................................... 6

*District of Columbia v. Heller*
   554 U.S. 570 (2008) ............................................................................................... 7, 9

*Ex parte Young*
   209 U.S. 123 (1908) ............................................................................................ 5, 6, 7

*Ezell v. City of Chicago*
   651 F.3d 684 (7th Cir. 2011) ...................................................................................... 8

*Gompper v. VISX, Inc.*
   298 F.3d 893 (9th Cir. 2002) ...................................................................................... 4

*Heller v. District of Columbia*
   670 F.3d 1244 (D.C. Cir. 2011) ................................................................................. 8

*Hosp. v. Halderman*
   465 U.S. 89 (1984) ................................................................................................. 4, 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ................................................................................................... 4

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*
   714 F.2d 946 (9th Cir. 1983) .................................................................................. 4, 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*L.A. County Bar Ass'n* v. *Eu,* 979 F.2d 697 (9th Cir. 1992) .......................................................... 5

*Long* v. *Van de Kamp*
   961 F.2d 151 (9th Cir. 1992) .......................................................................................... 5

*Mathews v. Eldridge*
   424 U.S. 319 (1976) ............................................................................................... 9, 10

*McDonald v. Chicago*
   —— U.S. ——, 130 S.Ct. 3020 (2010) ............................................................................ 7

*Morrissey v. Brewer*
   408 U.S. 471 (1972) ....................................................................................................... 10

*Papasan v. Allain*
   478 U.S. 265 (1986) ......................................................................................................... 4

*Quern v. Jordan*
   440 U.S. 332 (1979) ......................................................................................................... 5

*Robertson v. Dean Witter Reynolds, Inc.*
   749 F.2d 530 (9th Cir. 1984) ............................................................................................ 4

*Sauceda v. Dept. of Labor & Inuds., of State of Washington*
   917 F.2d 1216 (9th Cir. 1990) .......................................................................................... 5

*Snoeck v. Brussa*
   153 F.3d 984 (9th Cir. 1998) ............................................................................................ 5

*U.S. v. Marzzarella*
   614 F.3d 85 (3rd Cir. 2010) .............................................................................................. 8

*U.S. v. Skoien*
   614 F.3d 638 (7th Cir. 2010) ............................................................................................ 7

*United States v. Chester*
   628 F.3d 673 (4th Cir. 2010) ............................................................................................ 8

*United States v. Parcel of Property*
   337 F.3d 225 (2d Cir. 2003) ........................................................................................... 10

*United States v. Reese*
   627 F.3d 792 (10th Cir. 2010) .......................................................................................... 8

*Wilbur v. Locke*
   423 F.3d 1101 (9th Cir. 2005) .......................................................................................... 5

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

California Evidence Code
    § 630 ......................................................................................................................... 8
    § 637 ...................................................................................................................... 3, 8

California Penal Code
    § 1983 .................................................................................................................... 4, 5
    § 12021.3(a) .............................................................................................................. 1
    § 12276.1 .................................................................................................................. 2
    § 28100(b)(3) ........................................................................................................... 2
    § 33850 ................................................................................................................. 1, 2
    § 33855 ................................................................................................................. 3, 6
    § 33855(b) ................................................................................................................ 2
    § 33865(a) ................................................................................................................. 2
    § 33865(b .................................................................................................................. 2
    § 33865(c) ................................................................................................................ 2

2010 Cal. Stat., Chapter 711, § 6 ................................................................................. 1

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Second Amendment ......................................................................................... passim
    Eleventh Amendment ....................................................................................... passim
    Fourteenth Amendment ............................................................................................ 7

**COURT RULES**

Federal Rule of Civil Procedure
    12(b)(1) ..................................................................................................................... 4
    12(b)(6) ..................................................................................................................... 4

## INTRODUCTION

Local law enforcement agencies (LEAs) confiscated firearms from plaintiffs Churchill and Lau. Plaintiffs do not challenge the seizure of the firearms, but allege that the LEAs have wrongly refused to return those firearms to them. The LEAs decide whether and under what circumstances to return firearms, pursuant to state law, and they are named defendants. Plaintiffs have also sued the Attorney General of California and the California Department of Justice (CalDOJ), alleging violations of the Second Amendment and due process, on the basis of a form letter sent to persons who request return of firearms from an LEA. That letter correctly informs claimants whether they are eligible as a matter of state law to possess a firearm and whether the firearm is listed in CalDOJ's database. The letter informs the claimant that the letter may not be used to establish ownership of the firearm, and that the LEA must confirm that the claimant is the owner of the firearm before returning it. Since it is the LEA that made the determination not to return plaintiffs' firearms, CalDOJ and the Attorney General lack a sufficient connection to the injury in this case to be subject to suit under the Eleventh Amendment. Moreover, since CalDOJ's letter simply informs plaintiff that local LEAs must establish that a claimant must show evidence of ownership before the LEA will return a firearm to him or her, it does not implicate the Second Amendment or violate due process. Accordingly, plaintiffs cannot state a claim for which relief can be granted, and the court should dismiss the complaint, with prejudice.

## BACKGROUND

The two individual plaintiffs had various firearms confiscated by the San Francisco and Oakland Police Departments, respectively. Plaintiff Churchill alleges that the San Francisco Police Department (SFPD) confiscated several firearms, apparently in connection with criminal charges that were ultimately dismissed by the San Francisco District Attorney's Office. (Compl. ¶ 1, 2.) Churchill sought the return of those weapons by filling out a Law Enforcement Gun Release Application pursuant to California Penal Code section 33850.[1] (Compl. ¶ 19.) Plaintiff

---

[1] In 2012, the Legislature renumbered this provision, which was formerly Penal Code section 12021.3(a). *See* 2010 Cal. Stat., ch. 711, § 6. There were no substantive changes to the law, however. All references in the text to the California Penal Code are to the Code as it is currently numbered unless indicated otherwise.

Lau alleges that the Oakland Police Department confiscated a weapon of his in connection with an investigation into his brother's suicide. (Compl. ¶ 25.) Lau alleges that the Oakland Police Department refused to return the weapon because they concluded it was a prohibited assault weapon under California Penal Code § 12276.1; the complaint does not indicate whether Lau filed an application pursuant to section 33850.

California has a statutory scheme, not challenged here, governing return of firearms seized by law enforcement authorities. In order to reclaim a firearm from an LEA that, for whatever reason, seized it, a claimant must first submit an application to CalDOJ. § 33850. CalDOJ has thirty days to respond to the request. § 33865(b). It must perform a background check to determine if the claimant is eligible to possess any firearm. § 33865(a). If the claimant is eligible to possess a firearm, then CalDOJ uses the make, model, and serial number of the particular firearm claimed to determine if that firearm is recorded in CalDOJ's Automated Firearms System (AFS) and if it is, whether AFS shows that it is owned by the claimant. § 33865(c). Currently, however, some firearms, such as long guns, are not required to be registered in AFS. For such guns, CalDOJ cannot determine ownership. § 28100(b)(3).

CalDOJ responded to Churchill's application claiming return of a firearm with a form letter stating that Churchill was eligible to possess a firearm, and for each weapon claimed, whether it was recorded in AFS, and if so, whether AFS showed that Churchill owned the weapon. Eligibility to possess a firearm does not establish a claimant's right to the return of a specific firearm. Before returning a firearm to a claimant, the LEA must establish that the claimant is the owner or is otherwise entitled to possess the particular firearm claimed. California law prohibits an LEA from returning a firearm to anyone other than its owner or legal possessor. § 33855(b).

If the firearm claimed is listed in AFS as belonging to the claimant, the local LEA will generally return the weapon to the claimant; if it is listed under someone else's name, the local LEA is prohibited from providing it to the claimant. § 33855(b). Where, however, the firearm is *not* in AFS, the LEA must otherwise establish that the claimant seeking return of the firearm is the owner or otherwise entitled to possess the particular firearm claimed. CalDOJ's form letter to applicants such as Churchill thus clarifies that CalDOJ's determination of the claimant's

1  eligibility to possess firearms does not also establish that the claimant is entitled to possession of

2  the particular firearm claimed, and informs the claimant that the right to the return of that

3  particular firearm will have to be established independently.  The letter provides:

> In the case of a handgun, the handgun cannot, as a general rule, be returned unless/until it is recorded in AFS as being owned by, or loaned to the person who seeks its return. (See Pen. Code, § 12021.3, subd. (b)(2).) However, a court or LEA may return such a handgun to a person who demonstrates that the handgun was transferred to him or her in a manner that was lawful, but was not required pursuant ot [sic] Penal Code section 12077 to be recorded in DOJ's records.
>
> In the case of a long gun that is not recorded in AFS, the long gun can be returned to a person who is not listed in AFS as the owner/possessor of the long gun because AFS generally does not include ownership/possession information about long guns. (See Pen. Code, § 11106, subd. (b).) The person seeking return of a long gun not recorded in AFS must present proof of ownership, such as a sales receipt from a licensed firearms dealer, or other bona fide evidence the long gun was sold or transferred to him or her in compliance with state and federal law.

12  (Compl. ¶ 20; see also Ex. 3 to Request for Judicial Notice.)  The local LEA must independently

13  verify the information in AFS and it is the LEA that decides whether or not to return a firearm to

14  a claimant.  § 33855.

15      Plaintiffs allege two constitutional causes of action against the Attorney General and

16  CalDOJ (collectively, State Defendants), both of which are based on the CalDOJ form letter.

17  They argue that the State Defendants "have wrongly interpreted the law of personal property and

18  firearms in particular.  Said wrongful interpretation is a contributing factor in a continuing

19  violation of Plaintiffs' Second Amendment rights." (Compl. ¶ 31.)  Plaintiffs also allege that

20  State Defendants "have wrongly interpreted the law of personal property and firearms in

21  particular resulting in a violation of due process." (Compl. ¶ 43.)  In addition to requesting

22  injunctive and declaratory relief against the LEA defendants for return of the claimed firearms,

23  plaintiffs seek an injunction requiring "that all Defendants must apply correct and well

24  established legal principles for determining ownership and possession of firearms by law-abiding

25  citizens, including but not limited to the presumptions in California's Evidence Code § 637 with

26  respect to long guns and handguns owned prior to the creation of the State's AFS system."

27  (Compl. at p. 10 ¶ A.)

28

## ARGUMENT

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear this case. Accordingly, a jurisdictional challenge should be decided before other grounds for dismissal that will be moot if dismissal is granted. *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction over the action. The burden of establishing subject matter jurisdiction rests upon the party seeking to invoke it, and the court presumes a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Further, under Federal Rule of Civil Procedure 12(b)(6), a suit may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Associated Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### I. THE ATTORNEY GENERAL AND CALDOJ ARE IMMUNE FROM SUIT PURSUANT TO THE ELEVENTH AMENDMENT.

The Eleventh Amendment[2] bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. *Papasan v. Allain,* 478 U.S. 265, 276-77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Section 1983 did not abrogate a state's Eleventh

---

[2] The Eleventh Amendment states in its entirety:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 341 (1979). The State of California has not waived that immunity with respect to claims brought under section 1983 in federal court. *Atascadero State Hasp. v. Scanlon,* 473 U.S. 234, 241 (1985).

"The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst,* 465 U.S. at 101 (citations omitted); *see Almond Hill Sch. v. U.S. Dept. of Agric.,* 768 F.2d 1030, 1033 (9th Cir. 1985). The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst,* 465 U.S. at 101 (citation omitted). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-02 (citation omitted).

*Ex parte Young,* 209 U.S. 123 (1908), created an exception to Eleventh Amendment immunity for "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke,* 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045 (9th Cir. 2000)). However, this exception applies only where "it is plain that such officer [has] some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa,* 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young,* 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass'n* v. *Eu,* 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long* v. *Van de Kamp,* 961 F.2d 151, 152 (9th Cir. 1992); *L.A. Branch NAACP* v. *L.A. Unified Sch. Dist.,* 714 F.2d 946, 953 (9th Cir. 1983)).

As an initial matter, the court should dismiss the Department of Justice as a defendant. State agencies are immune from suit under the Eleventh Amendment, and do not by definition fall within the *Ex Parte Young* exception. *Sauceda v. Dept. of Labor & Inuds., of State of*

5

*Washington*, 917 F.2d 1216, 1218 (9th Cir. 1990) ("To the extent that appellants' suit seeks damages and injunctive relief against a state agency, it is barred by the eleventh amendment.")

Moreover, the suit against the Attorney General is also barred by the Eleventh Amendment. Plaintiffs do not claim that the Attorney General or CalDOJ refused to return Churchill and Lau's weapons, and with good reason: it is the LEAs, not the State Defendants, that have the weapons plaintiffs claim and that are responsible for deciding whether and under what circumstances to return them. § 33855. Neither the Attorney General nor CalDOJ may decide whether or not to return the firearms claimed to Churchill and Lau. Rather, at least in Churchill's case (the only plaintiff referenced in the allegations against the State Defendants) State Defendants simply performed a ministerial duty to determine whether Churchill was permitted to possess any firearm (he is), and whether each individual weapon claimed was located in AFS and if so, whether he was listed as the owner. Plaintiffs do not allege that the State Defendants acted improperly in making these determinations.

The fact that the CalDOJ form letter to Churchill states that CalDOJ could not establish Churchill's ownership of or right to possess the weapons claimed, and informs Churchill that he must independently establish his ownership of or right to possess the particular firearms claimed in order for the LEA to return it, is insufficient as a matter of law to connect the State Defendants to the underlying conduct (the LEA's refusal to return the firearms claimed), and thus fails to satisfy the *Ex Parte Young* exception to the Eleventh Amendment.

Contrary to plaintiffs' legal assertion, a letter from CalDOJ to Churchill is not directed to or binding on an LEA. While published opinions of the Attorney General are entitled to "great weight" by California courts, *California Assn. of Psychology Providers v. Rank*, 51 Cal.3d 1, 17 (1990), a letter from CalDOJ to an individual is not a legal opinion of any kind. Rather, Churchill is entitled to use the letter from CalDOJ for thirty days to show an LEA that he is eligible to possess a firearm, but nothing in the letter requires an LEA to return to Churchill or to withhold from him a particular firearm. The decision to return property belongs exclusively to the LEA, and must be made according to specific statutory criteria. *See* § 33855 ("No law enforcement agency or court that has taken custody of any firearm may return the firearm to any individual

unless the following requirements are satisfied . . . .") As the CalDOJ letter has an insufficient connection to the alleged violation of plaintiffs' Second and Fourteenth Amendment rights, the suit against the State Defendants is barred under the Eleventh Amendment.

## II. REQUIRING CLAIMANTS TO ESTABLISH OWNERSHIP OF THE WEAPONS DOES NOT VIOLATE THE SECOND AMENDMENT

Even if the CalDOJ letter were sufficiently connected to the LEA's decision not to return a firearm to satisfy *Ex Parte Young*, it would not violate the Second Amendment. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court concluded that the Second Amendment "protects the right to keep and bear arms for the purpose of self-defense" and that a law "that banned the possession of handguns in the home" violates that right. *McDonald v. Chicago,* —— U.S. ——, 130 S.Ct. 3020, 3026 (2010); *Heller*, 554 U.S. at 635. The Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*, thus it is applicable to the States. *McDonald,* 130 S.Ct. at 3050.

While it is clear that the Second Amendment protects the right to possess a handgun in the home, the Supreme Court has made clear that the right is "not unlimited":

> From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. . . . [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller,* 554 U.S. at 626-627 (internal citations omitted). This language

> warns readers not to treat *Heller* as containing broader holdings than the Court set out to establish: that the Second Amendment creates individual rights, one of which is keeping operable handguns at home for self-defense. What other entitlements the Second Amendment creates, and what regulations legislatures may establish, were left open.

*U.S. v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010).

7

California Department of Justice and Attorney General's Motion to Dismiss (12-1740 (LB))

1    The Ninth Circuit has yet to adopt a legal standard for evaluating Second Amendment claims, but cases from other circuits are instructive. The Third Circuit takes a two-pronged approach to Second Amendment challenges. "First, we ask whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee. If it does not, our inquiry is complete. If it does, we evaluate the law under some form of means-end scrutiny." *U.S. v. Marzzarella*, 614 F.3d 85, 89 (3rd Cir. 2010). The Fourth, Seventh, Tenth, and D.C. circuits do much the same. *See United States v. Chester,* 628 F.3d 673, 680 (4th Cir. 2010); *Ezell v. City of Chicago,* 651 F.3d 684, 702–04 (7th Cir. 2011); *United States v. Reese,* 627 F.3d 792, 800–01 (10th Cir. 2010); *Heller v. District of Columbia,* 670 F.3d 1244, 1252 (D.C. Cir. 2011).

The state law requiring an LEA to establish a claimant's ownership of a weapon as a prerequisite to returning it does not burden Second Amendment rights. State Defendants have not suggested that Churchill may not possess a firearm or be restricted in the exercise of his Second Amendment rights, they have in fact confirmed his legal right to possess firearms generally. The State Defendants merely informed Churchill that, as a matter of state law, Churchill must establish his property right to a particular weapon in the custody of an LEA in order for the LEA to return the weapon to him.

Plaintiffs do not suggest that the LEA should return a weapon to anyone but the proper owner; instead, they want State Defendants to urge LEAs to adopt the presumption in California Evidence Code section 637 that "the things which a person posses are presumed to be owned by him," and, as a matter of course, to return weapons to the persons from whom they were confiscated.[3] This does not state a claim for violation of the Second Amendment. As an initial matter, nothing in CalDOJ's letter prevents an LEA from using Evidence Code section 637 to determine ownership: if a law enforcement officer seized a firearm that was in the possession of an individual, the LEA could determine that possession was evidence that the long gun belonged to the individual from whom it was confiscated.

---

[3] This provision only applies in court proceedings; it does not apply in the context of an LEA's determination of whether an individual is entitled to the return of his firearm. Cal. Evid. Code § 630.

Even if CalDOJ's letter is read by LEAs to require a claimant to offer affirmative evidence of ownership of a particular weapon, such a requirement would not offend the Second Amendment. While the letter gives a receipt as an *example* of the kind of evidence that might establish a property right, that example is not exclusive. It is the LEA, not CalDOJ, that determines the sufficiency of the evidence required to establish ownership. It surely does not violate the Second Amendment to require some proof of a property right before law enforcement returns a firearm to a claimant. Indeed, plaintiffs do not challenge the state statute that requires a check for ownership through AFS, and that prevents an LEA from returning a firearm to a claimant if AFS indicates the claimant is not the owner. Further, states may, consistent with the Second Amendment, conduct background checks, impose waiting times, and prohibit felons, the mentally ill, and other classes of individuals from owning guns altogether. *Heller*, 554 U.S. 626–27. The state has a significant interest in ensuring that a firearm is returned only to a claimant who actually owns it or is entitled to possess it. In areas experiencing high rates of criminal activity, or where firearms are readily available on the black market, mere possession of a firearm may not be a sufficient indication of ownership. Nothing in the Second Amendment prohibits state and local officials from requiring some evidence of ownership in order to turn over a firearm, especially when so many checks and requirements exist to obtain a weapon in the first instance. Accordingly, although the CalDOJ form letter does not require a claimant to submit evidence establishing ownership of the firearm he wishes returned, it would not violate the Second Amendment for the LEAs to require such evidence.

### III. REQUIRING PROOF OF OWNERSHIP DOES NOT VIOLATE THE DUE PROCESS CLAUSE.

Nor does it violate Due Process to require claimants to produce evidence of ownership as a condition to returning a firearm. "The fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). In resolving claims that an individual's procedural due process rights have been violated, three factors are considered:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335. Importantly, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Plaintiffs' only complaint against the State Defendants is that the CalDOJ letter effectively requires claimants to offer *some* evidence of ownership of the firearm they want returned. The letter does not specify what evidence is required or set a particular burden of proof.[4] And it does not violate due process to require a claimant to bear the burden of proof of ownership in order to recover property from the State. *See, e.g., United States v. Parcel of Property*, 337 F.3d 225, 233 (2d Cir. 2003) (concluding that it did not violate due process for claimant to have burden of proof, by a preponderance of the evidence, in civil forfeiture proceeding).[5]

The *Matthews* factors weigh strongly in favor of permitting local LEAs to require some evidence of ownership before returning a firearm. On the first factor, an gun owner has an interest in the return of the firearm. On the second factor, the risk of erroneous deprivation is lowered by requiring some proof of ownership to ensure that a firearm is not released to someone other than the rightful owner. CalDOJ's letter does not establish a particular burden of proof, it only suggests that LEAs may require some proof of ownership. While the sufficiency of proof will be up to the LEA, it could range from an affidavit from the individual who gave the claimant the firearm, an affidavit signed under penalty of perjury that the claimant owns the weapon, or even the specific circumstances of the seizure of the weapon itself. None of these forms of proof burden a true owner's property rights, but rather help ensure that an LEA does not return a firearm to a claimant who is *not* the owner. Finally, the government's interest in ensuring that a

---

[4] As explained above, the determination of ownership is left to the local LEA.
[5] While the federal government bears the initial burden of proof when it seizes the property in question, plaintiffs do not argue that the LEAs improperly seized the weapon in the first instance. The question here, as it was in *Parcel of Property*, 337 F.3d at 233 and other cases like it, is whether the owner of the property bears the burden of proof in establishing that it should be returned to him.

firearm is returned to its proper owner is significant. That is true in the context of any property the government possesses, but is particularly so where a weapon is concerned. California, like most states, requires a background check and a waiting period before an individual can purchase a gun. Those regulatory requirements could be sidestepped entirely—with police assistance—if LEAs did not condition return of a weapon on confirmation that a claimant is also the rightful owner of a firearm.

## CONCLUSION

Plaintiffs have not stated a claim against CalDOJ or the Attorney General for which relief can be granted. This Court should dismiss the complaint against the State Defendants, with prejudice.

Dated: August 30, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
*Attorneys for Defendants Kamala D. Harris, Attorney General of California; California Department of Justice*

SA2012106334
20628297.docx