KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
DANIEL J. POWELL
Deputy Attorney General
State Bar No. 230304
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5830
Fax: (415) 703-1234
E-mail: Daniel.Powell@doj.ca.gov
*Attorneys for Defendants*
*Kamala D. Harris, Attorney General of California*
*California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC., THE SECOND AMENDMENT FOUNDATION, INC.,**

Plaintiffs,

**v.**

**KAMALA HARRIS - as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20,**

Defendants.

12-1740 (LB)

**DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL OF CALIFORNIA AND CALIFORNIA DEPARTMENT OF JUSTICE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS; DECLARATION OF STEPHEN LINDLEY**

| | |
|---|---|
| Date: | October 18, 2012 |
| Time: | 11:00 a.m. |
| Courtroom: | C, 15th Floor |
| Judge: | The Honorable Laurel Beeler |

**REQUEST FOR JUDICIAL NOTICE**

State Defendants Kamala D. Harris, Attorney General of California, and the California Department of Justice respectfully request that pursuant to Federal Rule of Evidence 201 this Court take judicial notice of the official records of the California Department of Justice, attached as Exhibits 1-4 to the accompanying declaration of Stephen Lindley.

Federal Rule of Evidence 201(b) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be determined." Sufficient notice of matters subject to judicial notice is provided by provided by lodging a copy of the relevant documents and record with the Court. Fed. Rule Evid. 201(d). A court may consider matters that are judicially noticeable in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Moreover, government records such as those attached to the Lindley Declaration are properly subject to judicial notice. *See Lopez v. Wachovia Mortg.*, No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal. July 19, 2010). Accordingly, State Defendants respectfully request that this Court take judicial notice to Exhibits 1-4 of the attached declaration of Stephen Lindley.

Dated: August 30, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
*Attorneys for Defendants*
*Kamala D. Harris, Attorney General of California; California Department of Justice*

SA2012106334
20634697.docx

**DECLARATION OF STEPHEN LINDLEY**

I, STEPHEN LINDLEY, declare:

1. I am the Chief of the Bureau of Firearms within the Division of Law Enforcement of the Department of Justice. I have officially held this position since August 2011, and for one and one-half years prior, I was the acting Chief. As Chief of the Bureau of Firearms, I am responsible for managing the program and enforcement sections of the Bureau.

2. I have personal knowledge of the contents of this declaration and competently testify thereto.

3. One of the sections under my management is Firearms Safety and Regulation Section, which also includes the Law Enforcement Gun Release Unit. This unit is responsible for processing Law Enforcement Gun Release (LEGR) applications and determining the eligibility of the applicant to own or possess a firearm pursuant to Penal Code section 33850.

4. Attached hereto as Exhibit 1 is a true and correct copy of a sample letter that the Bureau sends to applicants seeking the return of long guns in the possession of a law enforcement agency and who are eligible to own or possess a firearm.

5. Attached hereto as Exhibit 2 is a true and correct copy of a sample letter that the Bureau sends to applicants seeking the return of long guns in the possession of a law enforcement agency and who are not eligible to own or possess a firearm.

6. Attached hereto as Exhibit 3 is a true and correct copy of a sample letter that the Bureau sends to applicant seeking the return of handguns and/or handguns and long guns in the possession of a law enforcement agency and who are eligible to own or possess a firearm.

7. Attached hereto as Exhibit 4 is a true and correct copy of a sample letter that the Bureau sends to applicant seeking the return of handguns and/or handguns and long guns in the possession of a law enforcement agency and who are not eligible to own or possess a firearm.

//

//

//

//

8. Exhibits 1-4 are maintained in the Department of Justice's official records.

I declare under penalty of perjury under the laws of the State of California that foregoing is true and correct.

Executed the 30th day of August, 2012, in Sacramento, California.

/s/ Stephen Lindley
Steven Lindley

*Pursuant to Northern District Standing Order 45, I attest that I have obtained the concurrence of the declarant to file this document.*

/s/ Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
*Attorneys for Defendants Kamala D. Harris, Attorney General of California; California Department of Justice*

# EXHIBIT 1

*KAMALA D. HARRIS*
*Attorney General*




**DIVISION OF LAW ENFORCEMENT**
**BUREAU OF FIREARMS**
P.O. BOX 820200
SACRAMENTO, CA 95816-0487
Telephone: (916) 227-7527
Facsimile: (916) 227-3744

JOHN DOE
1234 MAIN ST
SACRAMENTO, CA 95820

August 28, 2012
(date check was completed)

RE: LAW ENFORCEMENT GUN RELEASE-FIREARMS ELIGIBILITY CLEARANCE-LONG GUN(S)

This letter acknowledges the Department of Justice (the Department), Bureau of Firearms (the Bureau) has received your Law Enforcement Gun Release (LEGR) application.

State law requires the Department to conduct a background check on anyone who claims title to a firearm(s) in the custody or control of a court or law enforcement agency (LEA) and who wishes to have that firearm returned to him or her, in order to determine whether that person is eligible under state and federal law to possess firearms pursuant to Penal Code section 33850. The Department completed processing your application and determined that as of the date of this letter, you are eligible to possess a firearm.

**This letter does not establish or constitute ownership of any firearm(s), which you are attempting to redeem from the custody of a court or LEA.**

This LEGR firearms eligibility clearance is valid for 30 days from the date of this letter. Accordingly, you must seek the return of the firearm(s) within this time frame. It is your responsibility to prove ownership of any firearm in the custody of a court or law enforcement agency. A court or LEA with direct access to the Department's Automated Firearms System (AFS) is required to check AFS to determine whether the person seeking return of a firearm is listed as the owner/purchaser of the firearm(s) sought to be redeemed. In making the ownership determination, the court or LEA may consider the fact that the person is listed as the owner/possessor as proof of the person's lawful ownership/possession of the firearm.

In the case of a long gun not entered in AFS, the court or LEA may accept other proof of ownership of the long gun, because AFS generally does not include ownership/possession information regarding long guns. Other proof of ownership may include a sales receipt from a licensed firearms dealer, or other bona fide evidence the long gun was sold or transferred to the person seeking return of the long gun in compliance with state and federal law.

The court or LEA will only release the firearm(s) in question after it has determined the firearm(s) is not reported lost or stolen, and is no longer needed for official court or law enforcement purposes.

A court or LEA is not required to retain a firearm for more than 180 days after notifying the owner of the firearm that the firearm is available for return. Therefore, if no claim for a firearm is made by its owner within 180 days of notification, the court or LEA may dispose of the firearm.

This LEGR firearms eligibility clearance is valid for 30 days from the date of this letter. After 30 days, the approval expires and cannot be used to claim a firearm. Accordingly, you must attempt to redeem your firearm(s) within 30 days of the date of this letter, or submit a new LEGR application (and fee) to the Department in order to obtain an updated LEGR approval.

Sincerely,

Gerri Kanelos

GERRI KANELOS, Manager
Bureau of Firearms

For KAMALA D. HARRIS
Attorney General

cc: DOJ BOF SACRAMENTO

LEGR CONTROL # : 28203

**BOF-LLEGR002**

# EXHIBIT 2

*KAMALA D. HARRIS*
*Attorney General*




**DIVISION OF LAW ENFORCEMENT**
**BUREAU OF FIREARMS**
P.O. BOX 820200
SACRAMENTO, CA 95816-0487
Telephone: (916) 227-7527
Facsimile: (916) 227-3744

August 28, 2012
(date check was completed)

JOHN DOE
1234 MAIN ST
SACRAMENTO, CA 95820

Re: Law Enforcement Gun Release Eligibility Denial

This letter acknowledges the Department of Justice (the Department), Bureau of Firearms (the Bureau) has received your Law Enforcement Gun Release (LEGR) application, processed the application and determined you are not eligible to possess firearms.

State law requires the Department and the Bureau of conduct a firearms eligibility check on anyone who claims title to a firearm in the custody or control of a court or law enforcement agency (LEA) and who wished to have that firearm returned to him or her, pursuant to Penal Code section 33850.

A law enforcement agency may be able to transfer a firearm in its custody to a licensed firearm dealer for it to be sold or transferred on your behalf. If the law enforcement agency determines that you are the lawful owner of a firearm that is otherwise legal for the public to own, the law enforcement agency shall transfer the firearm to a licesed firearm dealer for sale or transfer.

It is the responsibility of the person seeking the transfer to prove ownership of any firearm in the custody of a court/law enforcement agency. A court/law enforcement agency with direct access to the Department's Automated Firearms System(AFS) may check AFS to determine whether the person seeding transfer of a firearm is listed as the owner/purchaser of the firearm(s) sought to be transferred, and may consider that fact that the person is listed as the owner/possessor as proof of the person's lawful ownershiop/possession of the firearm. In the case of a long-gun not entered in AFS, the court or LEA may accept other proof of ownership of the long-gun, because AFS generallly does not include ownership/possession information regarding long-guns. Other proof of ownership may include a sales receipt from a licensed firearm dealer, or other bona fide evidence the long-gun was sold or transferred to the person seeking return of the long-gun in compliance with state and federal law.

A court or law enforcement agency is not required to retain a firearm for more than 180 days after notifying the owner of the firearm that the firearm is available for return or transfer. Therefore, if no claim for a firearm is made by its owner within 180 days of notification, the court or law enforcement agency may dispose of the firearm.

The court/LEA will only transfer the firearm(s) in question to a licensed firearms dealer after it has determined the firearm(s) is not reported lost or stolen, is no longer needed for official court or law enforcement purposes, and is not subject to destruction or retention by other, more specific, provisions of state law.

For more information about the LEGR process, please refer to the Bureau's website, at http://ag.ca.gov/firearms/legrinfo.php. For more information about the ability of prohibited person to designate other persons to relinquish firearms to law enforcement or a licensed firearms dealer by using the Prohibited Persons Notice Form and Power of Attorney for Firearms Transfer and Disposal, see http://ag.ca.gov/firearms/forms/pdf/sb950frm1107.pdf.

Sincerely,

Gerri Kanelos

GERRI KANELOS, Manager
Bureau of Firearms

For KAMALA D. HARRIS
Attorney General

DOJ BOF SACRAMENTO

LEGR CONTROL # : 28203

# EXHIBIT 3



*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

DIVISION OF LAW ENFORCEMENT
BUREAU OF FIREARMS
P.O. BOX 820200
SACRAMENTO, CA 94203-0200
Telephone: (916) 227-3752
Facsimile: (916) 227-3744

August 28, 2012

John Doe
1234 Main Street
Sacramento, CA 95820

RE: LAW ENFORCEMENT GUN RELEASE-FIREARM(S) ELIGIBILITY CLEARANCE-HANDGUN(S) AND LONG GUN(S)

Dear John Doe:

This letter acknowledges that the Department of Justice (the Department), Bureau of Firearms (the Bureau) has received your Law Enforcement Gun Release (LEGR) application with the following firearm information:

| Make | Model | Serial Number | Caliber |
|---|---|---|---|
| SW | 64 | ABC1234 | 38 |

State law requires the Department to conduct a firearms eligibility check on anyone who claims title to a firearm in the custody or control of a court or law enforcement agency (LEA) and who wishes to have that firearm returned to him or her, in order to determine whether that person is eligible under state and federal law to possess firearms pursuant to Penal Code section 33850. The Department completed processing your application and determined that, as of the date of this letter, you are **eligible** to possess a firearm.

**This letter does not establish or constitute ownership of any firearm(s), which you are attempting to redeem from the custody of a court or LEA.**

It is your responsibility to prove you own or have a right to possess any firearm in the custody of a court or law enforcement agency that you wish to have returned to you. A court or LEA with direct access to the Department's Automated Firearms System (AFS) is required to check AFS to determine whether the person seeking return of a firearm is listed as the owner/purchaser of the firearm(s) sought to be redeemed pursuant to Penal Code section 33855, subdivisions (a) and (b). At the time of this eligibility check, the Department reviewed AFS and determined the following:

☐ This firearm **is recorded** in AFS and the firearm is recorded in the name of the individual who is seeking its return.

☐ This firearm is recorded in AFS, but **is not recorded** as being owned by, or loaned to the individual who is seeking its return.

☐ There **is no record** of this firearm in AFS.

In the case of any firearm (handgun/long-gun) that is recorded in AFS, the firearm can only be returned to the person who is listed in AFS as the owner/possessor of the firearm, and not to any other person. (Pen. Code, § 33855, subd. (a)(b).)

In the case of a handgun, the handgun cannot, as a general rule, be returned unless/until it is recorded in AFS as being owned by or loaned to the person who seeks its return. (Pen. Code, § 33855, subd. (a) (b).) However, a court or LEA may return such a handgun to a person who demonstrates that the handgun was transferred to him or her in a manner that was lawful, but was not required pursuant to Penal Code sections 28150 through 28180 to be recorded in the Department's records.

In the case of a long gun that is not recorded in AFS, the long gun can be returned to a person who is not listed in AFS as the owner/possessor of the long gun because AFS generally does not include ownership/possession information about long guns. (Pen. Code, § 11106, subd. (b).) The person seeking return of a long gun not recorded in AFS must present proof of ownership, such as a sales receipt from a licensed firearms dealer, or other bona fide evidence the long gun was sold or transferred to him or her in compliance with state and federal law.

The court or LEA will only release the firearm(s) in question after it has determined the firearm(s) is not reported lost or stolen, and is no longer needed for official court or law enforcement purposes.

A court or LEA is not required to retain a firearm for more than 180 days after notifying the owner of the firearm that the firearm is available for return. Therefore, if no claim for a firearm is made by its owner within 180 days of notification, the court or LEA may dispose of the firearm.

This LEGR firearms eligibility clearance is valid for 30 days from the date of this letter. After 30 days, the approval expires and cannot be used to claim a firearm. Accordingly, you must attempt to redeem your firearm within 30 days of the date of this letter, or submit a new LEGR application (and fee) to the Department in order to obtain an updated LEGR approval.

Sincerely,

Gerri Kanelos

GERRI KANELOS, Manager
Bureau of Firearms

For KAMALA D. HARRIS
Attorney General

HG BOF-SA2012-123

BOF -LLEGR001

# EXHIBIT 4

*KAMALA D. HARRIS*
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***



DIVISION OF LAW ENFORCEMENT
BUREAU OF FIREARMS
P.O. BOX 820200
SACRAMENTO, CA .94203-0200
Telephone: (916) 227-3752
Facsimile: (916) 227-3744

August 28, 2012

John Doe
1234 Main Street
Sacramento, CA 95820

Re: LAW ENFORCEMENT GUN RELEASE ELIGIBILITY DENIAL

Dear John Doe:

This letter acknowledges the Department of Justice (the Department), Bureau of Firearms (the Bureau) has received your Law Enforcement Gun Release (LEGR) application, processed the application, and determined you are **not eligible** to possess firearms.

State law requires the Department and the Bureau to conduct a firearms eligibility check on anyone who claims title to a firearm in the custody or control of a court or law enforcement agency (LEA) and who wishes to have that firearm returned to him or her, pursuant to Penal Code section 33850.

A law enforcement agency may be able to transfer a firearm in its custody to a licensed firearms dealer for it to be sold or transferred on your behalf. If the law enforcement agency determines that you are the lawful owner of a firearm that is otherwise legal for the public to own, the law enforcement agency shall transfer the firearm to a licensed firearms dealer for sale or transfer.

It is the responsibility of the person seeking the transfer to prove ownership of any firearm in the custody of a court/law enforcement agency. A court/law enforcement agency with direct access to the Department's Automated Firearms System (AFS) may check AFS to determine whether the person seeking transfer of a firearm is listed as the owner/purchaser of the firearm(s) sought to be transferred, and may consider the fact that the person is listed as the owner/possessor as proof of the person's lawful ownership/possession of the firearm. In the case of a long-gun not entered in AFS, the court or LEA may accept other proof of ownership of the long-gun, because AFS generally does not include ownership/possession information regarding long-guns. Other proof of ownership may include a sales receipt from a licensed firearms dealer, or other bona fide evidence the long-gun was sold or transferred to the person seeking return of the long-gun in compliance with state and federal law.

A court or law enforcement agency is not required to retain a firearm for more than 180 days after notifying the owner of the firearm that the firearm is available for return or transfer. Therefore, if no claim for a firearm is made by its owner within 180 days of notification, the court or law enforcement agency may dispose of the firearm.

The court/LEA will only transfer the firearm(s) in question to a licensed firearms dealer after it has determined the firearm(s) is not reported lost or stolen, is no longer needed for official court or law enforcement purposes, and is not subject to destruction or retention by other, more specific, provisions of state law.

For more information about the LEGR process, please refer to the Bureau's website, at http://ag.ca.gov/firearms/legrinfo.php. For more information about the ability of prohibited person to designate other persons to relinquish firearms to law enforcement or a licensed firearms dealer by using the Prohibited Persons Notice Form and Power of Attorney for Firearms Transfer and Disposal, see http://ag.ca.gov/firearms/forms/pdf/sb950frm1107.pdf.

Sincerely,

Gerri Kanelos

GERRI KANELOS
Manager, Bureau of Firearms

For KAMALA D. HARRIS
Attorney General

HG
BOF-SA2012-123

BOF-LLEGR003