Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: (408) 264-8489
Facsimile:  (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice: (949) 310-0817
Fax:   (949) 288-6894
E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC., THE SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS – as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20,<br><br>Defendants. | CASE NO.: CV-12-1740 LB<br><br>PLAINTIFFS' (CHURCHILL, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.)[1] MEMORANDUM OPPOSING THE MOTION TO DISMISS MADE BY DEFENDANTS' HARRIS AND CALIFORNIA DEPARTMENT OF JUSTICE<br><br>Date:        October 18, 2012<br>Time:       11:00 a.m.<br>Courtroom:  C, 15th Floor<br>                450 Golden Gate Ave.<br>                San Francisco, CA |

---

[1] Plaintiffs and the Defendants: City of Oakland and Oakland Police Department have settled all claims between them.  Plaintiff Peter Lau and City of Oakland and Oakland Police Department are no longer parties to this action.

*Churchill, et al v. Harris, et al*            Page 1 of  16            Plaintiffs' Opposition MTD (DOJ)

## Table of Contents

Table of Contents...........................................................................................................2

Table of Authorities......................................................................................................2

Introduction..................................................................................................................4

Statement of Facts........................................................................................................4

Statement of Law – Fed.R.Civ.P. 12(b)(1)...................................................................9

Statement of Law – Fed.R.Civ.P. 12(b)(6).................................................................11

Argument....................................................................................................................13

Conclusion..................................................................................................................16

## Table of Authorities

### Cases

*Ashcroft v. Iqbal* (2009) 556 U.S. 662...........................................................................9
*Augustine v. United States* (9th Cir. 1983) 704 F.2d 1074.........................................11
*Baker v. Cuomo* (2nd Cir. 1995) 58 F.3d 814.............................................................12
*Barker v. Riverside County Office of Ed.* (9th Cir. 2009) 584 F.3d 821......................13
*Beliveau v. Caras*  873 F.Supp. 1393..........................................................................12
*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544..................................................12
*Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585...................................13
*Coalition for a Sustainable Delta v. F.E.M.A.* 711 F.Supp.2d 1152.............................9
*Coffin v. Safeway, Inc.* 323 F.Supp.2d 997, 1000.......................................................12
*Davis v. United States* (5th Cir. 2009) 597 F.3d 646....................................................9
*District of Columbia v. Heller*, 554 U.S. 570 (2008)..................................................15
*Ex Parte Young*, 209 U.S. 123 (1908) ........................................................................13
*Gould Electronics Inc. v. United States* (3rd Cir. 2000) 220 F.3d 169 ......................10
*Haley Paint Co. v. E.I. Dupont De Nemours & Co.* 775 F.Supp.2d 790......................9
*Hearn v. R.J. Reynolds Tobacco Co.* 279 F.Supp.2d 1096.........................................12
*Holt v. United States* (10th Cir. 1995) 46 F.3d 1000..................................................11
*Jacobs v. City of Chicago* (7th Cir. 2000) 215 F.3d 758.............................................13
*Johnson v. State of Calif.* (9th Cir. 2000) 207 F.3d 650.............................................13
*Kerns v. United States* (4th Cir. 2009) 585 F.3d 187.................................................11
*L-7 Designs, Inc. v. Old Navy, LLC* (2nd Cir. 2011) 647 F.3d 419............................13
*L.A. Branch NAACP v. L.A. Unified Sch. Dist.,* 714 F.2d 946 .................................13

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*L.A. County Bar Ass'n v. Eu*, 979 F.2d 697 ............................................................................... 13
*Lane v. Halliburton* (5th Cir. 2008) 529 F.3d 548......................................................................10
*Lillard v. Shelby County Board of Ed.* (6th Cir. 1996) 76 F.3d 716............................................13
*McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).................................................................15
*McGary v. City of Portland* (9th Cir. 2004) 386 F.3d 1259.........................................................12
*McMorgan & Co. v. First Calif. Mortgage Co.* 916 F.Supp. 966.................................................11
*Montez v. Department of Navy* (5th Cir. 2004) 392 F.3d 147.......................................................11
*Potter v. Hughes* (9th Cir. 2008) 546 F.3d 1051...........................................................................9
*Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123..................................................12
*Roberts v. Corrothers* (9th Cir. 1987) 812 F.2d 1173..................................................................11
*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035...................................................11
*SEC v. Cross Fin'l Services, Inc.* 908 F.Supp. 718 .....................................................................12
*Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035...............................................12
*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.* (2007) 549 U.S. 422..........9
*Strom v. United States* (9th Cir. 2011) 641 F.3d 1051 ...............................................................12
*United States v. White* 893 F.Supp. 1423....................................................................................12

**Statutes**

CA Code of Civil Procedure § 527.9................................................................................................5
CA Evidence Code § 637..............................................................................................................14
CA Penal Code § 11108..................................................................................................................5
CA Penal Code § 18250..................................................................................................................5
CA Penal Code § 18400..................................................................................................................5
CA Penal Code § 33800 ........................................................................................................*passim*
CA Welfare and Institutions Code § 5150.....................................................................................5
CA Welfare and Insitutionsl Code § 8100......................................................................................5

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# INTRODUCTION

1. Plaintiffs are: DOUGLAS CHURCHILL, THE CALGUNS FOUNDATION, INC., (CGF) and THE SECOND AMENDMENT FOUNDATION, INC., (SAF).

2. Defendants are: KAMALA HARRIS – as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE (Cal-DOJ), CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT.[2]

3. Plaintiffs brought this suit seeking to reform the unconstitutional polices, practices and procedures of the Defendants with respect the operation of state law regulating the return of firearms to their owners after those firearms come into the custody of law enforcement agencies.

4. This Motion to Dismiss was brought by the Defendants HARRIS and Cal-DOJ.

5. Plaintiffs hereby file this memorandum asking that the Court deny HARRIS's and Cal-DOJ's motion.

# STATEMENT OF FACTS

6. The California Penal Code has – what initially appears to be – a perfectly reasonable procedure for Law Enforcement Agencies to take firearms into custody and return them to their owners when legitimate law enforcement action requires these temporary seizures. CA Penal Code § 33800 *et seq*.

7. The firearms could be the subject of a temporary seizure and/or come into the custody of Law Enforcement Agencies (LEA) due any number of reasons including but not limited to:

---

[2] Plaintiffs and Defendants: CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT are currently engaged in earnest settlement discussions that may results in a full/final resolution with the assistance of court sponsored Alternative Dispute Resolution. These parties are continuing to meet and confer on this issue.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 4 of 16     Plaintiffs' Opposition MTD (DOJ)

1     a.    Seizure at the scene of a domestic violence incident. CA Penal Code §
2            18250 (assuming that the LEA does not institute proceedings under
3            Penal Code § 18400 *et seq.*).
4     b.    Due to a Safe-Keeping hold during the pendency of a restraining order
5            that requires surrender of firearms by the restrained party. CA Code
6            of Civil Procedure § 527.9, CA Family Code § 6389 *et seq.*
7     c.    Seizure in connection with a mental health hold. CA Welfare and
8            Institutions Code §§ 5150, 8100, 8101.
9     d.    In connection with the recovery of lost or stolen firearms. CA Penal
10           Code § 11108.

11 8. In a nut-shell, once a firearm is no longer subject to some kind of hold (such as for evidence in a pending case or for safe-keeping), the person seeking return of the firearm fills out a Cal-DOJ form that identifies the person (and if applicable the firearm). Cal-DOJ then issues a letter confirming whether the person is eligible to possess firearms and whether (and to whom) the firearm is registered to that person in the State's database.

17 9. The gun owner **MUST** present this letter – within 30 days of receipt – to the Law Enforcement Agency holding the firearm in order to recover the firearm.

19 10. By the State's own admission, not all firearms are registered in their database.

21 11. What should be a straightforward administrative procedure for the return of constitutionally protected personal property, has been turned into a ***Kafkaesque*** bureaucratic maze of arbitrary conditions and expensive, time-consuming exercises of having to "prove" ownership of personal property to the LEA that seized the property in the first place. The initiating culprit is the Cal-DOJ with its misleading (and/or incomplete) statements of law with regard to personal property in its Firearms Eligibility Clearance Letters. (See Defendants' Request for Judicial Notice.)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*      Page 5 of 16      Plaintiffs' Opposition MTD (DOJ)

12. That mistake is then compounded when the local LEA relies on the Cal-DOJ's misleading (and/or incomplete) interpretation of personal property law, and refuses to return the firearms.

13. Some additional context:

   a. For purposes of this lawsuit, firearms in California are broken down into two categories: (1) handguns, and (2) long-guns (which includes rifles and shotguns).

   b. The Cal-DOJ maintains an Automated Firearms System (AFS). This is a database of firearms and firearm-owners that relies on sales records from licensed dealers and voluntary registration. The AFS does not presently maintain sales records with regard to long-guns.

   c. The Cal-DOJ's AFS system does keep sales records of all handgun transactions that have occurred in this state since approximately 1991.

   d. It is also possible to voluntarily enter any firearm into the AFS system.

   e. It is also possible to notify the Cal-DOJ when the firearm is no longer possessed by the original purchaser (for handguns post-1991) or the person who voluntarily registered it.

   f. It would appear from the plain language of CA Penal Code § 33800 *et seq.*, that the purpose of the law is to insure:

      i. That the person seeking to have their firearms returned can pass a background check and are thus eligible to possess firearms. (i.e., not a convicted felon, not subject to domestic violence restraining orders, etc...)

      ii. That the firearm – if it was initially bought/sold subsequent to 1991, or was voluntarily registered – is documented in the AFS system as being registered and to whom.

   g. Furthermore the letters that Cal-DOJ issues conclusively admit that inclusion in the AFS system does not necessary constitute "proof of

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 6 of 16     Plaintiffs' Opposition MTD (DOJ)

1        ownership" of any firearm in the system and that no long-guns and not
2        all handguns are even in their system.

3  14. The controversy presented by this case is that, notwithstanding the plain
4        language of CA Penal Code § 33855 - Requirements for Return, which does
5        **NOT** require proof of ownership, Cal-DOJ insists through their release
6        letters that a gun-owner prove ownership of their personal property, even
7        when ownership of the firearm(s) is not controverted.

8  15. CA Penal Code § 33855 – Requirements for Return – No law enforcement
9        agency or court that has taken custody of any firearm may return the firearm
10        to any individual unless the following requirements are satisfied:

11      a. (a) The individual presents to the agency or court notification of a
12            determination by the department pursuant to Section 33865 that the
            person is eligible to possess firearms.
13
     b. (b) If the agency or court has direct access to the Automated Firearms
14            System, the agency or court has verified that the firearm is not listed
            as stolen pursuant to Section 11108, and that the firearm has been
15            recorded in the Automated Firearms System in the name of the
16            individual who seeks its return.

17      c. (c) If the firearm has been reported lost or stolen pursuant to Section
18            11108, a law enforcement agency shall notify the owner or person
            entitled to possession pursuant to Section 11108.5. However, that
19            person shall provide proof of eligibility to possess a firearm pursuant to
20            Section 33865.

21      d. (d) Nothing in this section shall prevent the local law enforcement
            agency from charging the rightful owner or person entitled to
22            possession of the firearm the fees described in Section 33880. However,
23            an individual who is applying for a background check to retrieve a
            firearm that came into the custody or control of a court or law
24            enforcement agency pursuant to Section 33850 shall be exempt from
25            the fees in Section 33860, provided that the court or agency determines
26            the firearm was reported stolen to a law enforcement agency prior to
            the date the firearm came into custody or control of the court or law
27            enforcement agency, or within five business days of the firearm being
28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1
2
3

stolen from its owner. The court or agency shall notify the Department of Justice of this fee exemption in a manner prescribed by the department.

16. This additional requirement, coming from the State of California's Attorney General carries the weight of that office and has the local LEAs who administer this procedure demanding "proof of ownership" before returning firearms to their lawful owners.

17. Not only does the plain language of CA Penal Code § 33855 **NOT** require proof of ownership, but CA Evidence Code § 637 creates a presumption that a thing possessed by a person is owned by him.

18. In this very case, CHURCHILL's firearms were confiscated by the San Francisco Police Department. They issued him written receipts for the firearms pursuant to CA Penal Code § 33800. Then after passing the background check and tendering the Cal-DOJ's release letters to that LEA, they insisted that he provide proof of ownership of the items set forth in the Complaint at ¶ 24.[3]

19. Furthermore, <u>CA Penal Code § 33885 – Award of Reasonable Attorney's Fees</u> imposes a cost on LEAs when the gun owner has to file a lawsuit – like this one – to get their property returned. Defendants HARRIS and Cal-DOJ can perpetually persist in their unconstitutionally unreasonable conduct to the detriment of the Second Amendment rights of gun owners in California.

---

[3] Though not currently plead in the complaint, this case got even more bizarre when the parties attempted an informal resolution of the matter. The City Attorney for San Francisco suggested that CHURCHILL reapply for another release letter (more time, more money) and tender a new request for return of his property. CHURCHILL did this in August of 2012 and was again told by the property room clerk at the SAN FRANCISCO POLICE DEPARTMENT that he would be required to provide "proof of ownership." It was only through the prompt intervention of the City Attorney while CHURCHILL was still at the police station that he was able to recover his property. The parties are still at an impasse on attorney fees and costs in order to completely resolve the matter with these defendants.

20. All the Cal-DOJ has to do is edit their letters to remove the "proof of ownership" language. If they want to include language that LEAs have a duty to inform rightful owners, whose firearms have been reported lost or stolen – pursuant to CA Penal Code § 33855(c) – then by all means do so. But the current surplusage, in derogation of the operative statute, is misleading, false, confusing and treads on the constitutional rights of the gun owners who are following the rules, complying with the law and just trying to recovery their property.

21. The remaining operative facts for this memorandum are set forth in ¶¶ 17 - 24 of the Complaint.

## STATEMENT OF LAW – Fed.R.Civ.P. 12(b)(1) MOTION

22. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court normally considers the Rule 12(b)(1) motion first. Doing so prevents a court without subject matter jurisdiction from prematurely dismissing a case with prejudice. (Such a dismissal does not, however, prevent plaintiff from refiling in state court, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.* (2007) 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191; See also: *Potter v. Hughes* (9th Cir. 2008) 546 F.3d 1051, 1056, fn. 2.

23. Several courts hold the *Twombly/Iqbal*[4] 'plausibility' standard applies: 'A 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.' *Davis v. United States* (5th Cir. 2009) 597 F.3d 646, 649 (internal quotes omitted); *Haley Paint Co. v. E.I. Dupont De Nemours & Co.* (D MD 2011) 775 F.Supp.2d 790, 798-799; *Coalition for a Sustainable Delta*

---

[4] *Ashcroft v. Iqbal* (2009) 556 U.S. 662, and *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1      *v. F.E.M.A.* (ED CA 2010) 711 F.Supp.2d 1152, 1158.

2      a.    Facts considered for plausibility analysis: A 'plausible' set of facts supporting subject matter jurisdiction may be found by considering either:

         i.    the complaint alone;

         ii.    the complaint supplemented by undisputed facts evidenced in the record; or

         iii.    the complaint supplemented by undisputed facts plus the court's resolution of disputed facts ('factual attacks'). *Lane v. Halliburton* (5th Cir. 2008) 529 F.3d 548, 557.

     b.    'Plausibility' standard not applied: Other courts, including the Ninth Circuit, have stated that the *Twombly/Iqbal* analysis is 'inappropriate' and 'ill-suited' to the question of pleading jurisdictional matters (e.g., constitutional standing) because *Twombly/Iqbal* addresses whether plaintiff's claim has merit and 'whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim.' *Maya v. Centex Corp.* (9th Cir. 2011) 658 F.3d 1060, 1068.

24. Fed.R.Civ.P. 12(b)(1) motions afford a Defendant two different types of attack: There are, in effect, two different types of Rule 12(b)(1) motions because subject matter jurisdiction can be challenged in two different ways:

     a.    Facial attacks--motions attacking subject matter jurisdiction solely on the basis of the allegations in the complaint (together with documents attached to the complaint, judicially noticed facts and any undisputed facts evidenced in the record) in the light most favorable to plaintiff; and

     b.    Factual attacks ('speaking motions') – motions attacking subject matter jurisdiction as matter of fact; i.e., based on extrinsic evidence quite apart from the pleadings. *Gould Electronics Inc. v. United States*

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 10 of 16     Plaintiffs' Opposition MTD (DOJ)

1    (3rd Cir. 2000) 220 F.3d 169, 176; *Holt v. United States* (10th Cir.
2    1995) 46 F.3d 1000, 1002-1003; *McMorgan & Co. v. First Calif.*
3    *Mortgage Co.* (ND CA 1995) 916 F.Supp. 966, 973 (citing text).

4  25. The major difference between a facial and factual attack is that under the
5    former, the court must consider the allegations of the complaint as true;
6    whereas under the latter, the court determines the facts for itself. *Montez v.*
7    *Department of Navy* (5th Cir. 2004) 392 F.3d 147, 149-150; *Safe Air for*
8    *Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039.[5]

9  26. Most courts deny Rule 12(b)(1) motions where the defendant disputes the
10   facts underpinning subject matter jurisdiction, and those facts are
11   'inextricably intertwined' with the merits of plaintiff's claim. In such cases,
12   defendant must proceed under FRCP Rule 12(b)(6) (failure to state a claim)
13   or FRCP Rule 56 (summary judgment), and 'the court should resolve the
14   relevant factual disputes only after appropriate discovery.' *Kerns v. United*
15   *States* (4th Cir. 2009) 585 F.3d 187, 193 (emphasis added); see also
16   *Augustine v. United States* (9th Cir. 1983) 704 F.2d 1074, 1079; *Montez v.*
17   *Department of Navy* (5th Cir. 2004) 392 F.3d 147, 150.

18 27. Furthermore, a court should not resolve genuinely disputed facts where the
19   question of jurisdiction is dependent on the resolution of factual issues going
20   to the merits. *Roberts v. Corrothers* (9th Cir. 1987) 812 F.2d 1173, 1177.

## STATEMENT OF LAW – Fed.R.Civ.P. 12(b)(6) MOTION

23 28. A Rule 12(b) (6) motion is similar to the common law general demurrer – i.e.,
24   it tests the legal sufficiency of the claim or claims stated in the complaint.

---

[5] Defendants do not indicate whether their Request for Judicial Notice is submitted in support of their Fed.R.Civ.P. 12(b)(1) or 12(b)(6) motion. Plaintiffs will assume the former rather than the latter to avoid the effect of having the 12(b)(6) motion converted into an improperly noticed Motion for Summary Judgment.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Strom v. United States* (9th Cir. 2011) 641 F.3d 1051, 1067; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

29. For purposes of Rule 12(b)(6), 'claim' means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965. A Rule 12(b)(6) dismissal is proper when the complaint fails to allege either:

   a. a cognizable legal theory or

   b. absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text).

   c. In addition, to survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. (*Twombly/Iqbal* standard; see *Shroyer v. New Cingular Wireless Services, Inc.*, supra, 622 F.3d at 1041.)

30. Rule 12(b)(6) motions are 'disfavored' where the complaint sets forth a novel legal theory 'that can best be assessed after factual development.' *Baker v. Cuomo* (2nd Cir. 1995) 58 F.3d 814, 818-819; *McGary v. City of Portland* (9th Cir. 2004) 386 F.3d 1259, 1270.

31. On a motion to dismiss under Rule 12(b)(6), the court must 'accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.' *Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123, 127; *L-7 Designs, Inc. v. Old Navy, LLC* (2nd Cir. 2011) 647 F.3d 419, 429.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 12 of 16     Plaintiffs' Opposition MTD (DOJ)

32. All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585, 595 – '*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice'; see also *Barker v. Riverside County Office of Ed.* (9th Cir. 2009) 584 F.3d 821, 824.

33. Some courts hold motions to dismiss civil rights complaints should be 'scrutinized with special care.' *Lillard v. Shelby County Board of Ed.* (6th Cir. 1996) 76 F.3d 716, 724 (internal quotes omitted); *Johnson v. State of Calif.* (9th Cir. 2000) 207 F.3d 650, 653 – liberal construction rule particularly important in civil rights cases; compare *Jacobs v. City of Chicago* (7th Cir. 2000) 215 F.3d 758, 765, fn. 3 – Rule 12(b)(6) motion to dismiss based on qualified immunity defense.

## **ARGUMENT**

34. Defendants HARRIS and Cal-DOJ have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), contending:
    a. That they enjoy Eleventh Amendment immunity, and/or
    b. That the complaint fails to state claim.
35. Both theories fail for the same reason.
36. As they admit in their motion (pg. 5, starting at line 12), *Ex Parte Young*, 209 U.S. 123 (1908) created an exception to Eleventh Amendment immunity in cases where 'prospective declaratory and injunctive relief' against state officers, sued in their official capacity, are the gravamen of the action. Defendants correctly point that the state officer's connection must be fairly direct and not based on some generalized duty of enforcement. *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697 (9th Cir. 1992); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.,* 714 F.2d 946 (9th Cir. 1983).

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

37. However, under Plaintiff's theory of the case, HARRIS in her official capacity, and Cal-DOJ as the agency administering this law, are the progenitors of, and a joint and several cause of, the depravation of Plaintiffs' rights. When the Cal-DOJ issues letters (interpreted and followed by local LEAs) with false, misleading and unnecessary statements of law (gun owners must produce 'proof of ownership' of their firearms before they can be returned), they contribute to the wrongful retention of constitutionally significant personal property. The violation is all the more egregious given that the law the Defendants are claiming to administer does not itself require "proof of ownership" to return the firearm as any part of the state-mandated process. CA Penal Code § 33855. Furthermore, California Law does not require an individual to produce proof of ownership of personal property as possession creates a presumption of ownership. CA Evidence Code § 637. The ***Kafkaesque*** dimensions of this case are further illustrated by the fact that the Defendant SAN FRANCISCO POLICE DEPARTMENT issued CHURCHILL written receipts for the very firearms they are (were) refusing to return, and they still insisted on "proof of ownership."

38. Its almost as if the Defendants want to make the return of firearm arbitrarily more difficult because they don't like people exercising Second Amendment rights. That kind of personal bias against unpopular constitutional rights in the administration of state law is precisely the kind of injustice that 42 U.S.C. § 1983, 1988 was enacted to remedy.

39. To illustrate the theory of the case by reference to other rights, imagine if a LEA came into possession of a printing press, laptop computer, bible, book or other artifact protected by the First Amendment; would an Article III Court have the power to order the return of these items? Furthermore, would that same Court have the power to make an order for injunctive/declaratory relief to prevent future violations? The point is, once the person is cleared to

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*     Page 14 of 16     Plaintiffs' Opposition MTD (DOJ)

1 possess firearms and merely seeks return of firearms that were taken from
2 him in the first place by the LEA holding them, and then forcing the gun-
3 owner to provide "proof of ownership" that may not exist, violates the
4 property rights of the gun-owner. And after *District of Columbia v. Heller*,
5 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010),
6 such practices violate the Second Amendment.

7 40. The Complaint makes clear that Plaintiffs seek only prospective
8 injunctive/declaratory relief against Defendants HARRIS and Cal-DOJ.
9 Therefore the doctrine articulated in *Ex Parte Young* is in play and the
10 Defendants do not enjoy Eleventh Amendment immunity.

11 41. Contrary to Defendants' assertion, Plaintiffs do not seek an unlimited right
12 to "keep and bear arms." (See pg. 7, starting at line 17) They are not
13 challenging the government's power to initially seize firearms under
14 appropriate circumstances. Nor are they complaining about the
15 administrative processes set forth in the statute at issue for the return of said
16 firearms. It is the Defendants' embellishments on the process that create a
17 false and misleading impression on LEAs administering the law that are rub.

18 42. Boot-strapping a "proof of ownership" (which may not exist) requirement into
19 their release letter has blocked the return of firearms that have the
20 characteristics of generic property – subject to "due process" consideration –
21 and deprived CHURCHILL of constitutionally protected property via the
22 Second Amendment.

23 43. Standard of review is irrelevant. The Supreme Court in *District of Columbia*
24 *v. Heller*, 554 U.S. 570 (2008) found that under any standard of review,
25 depriving law-abiding gun-owners of possession of their firearms violated the
26 Second Amendment. *Id.*, at 629. This is not case of a government policy,
27 practice or procedure burdening a right. Until this lawsuit was filed the
28 state actors holding CHURCHILL's firearms refused to return them. And the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

personnel responsible for Plaintiff's firearms was still insisting – as late as August 2012 – that he produce "proof of ownership" to get them back.

## **CONCLUSION**

44. At this time (prior to discovery), it is impossible to know if the Defendants HARRIS and Cal-DOJ are ideologically motivated to set up extra-statutory requirements for the return of firearms, or whether these episodes are the genesis of bureaucratic inefficiency and stubbornness.

45. Setting aside any illicit motives or agency inertia, there is still the fact that a law-abiding gun owner, who followed all procedures required by him, was denied the possession and use of his firearms – personal property he used to exercise his Second Amendment "right to keep and bear arms."

46. The Court should deny the Defendants' Motions to Dismiss and order them to answer the Complaint so that the matter can proceed to discovery and disposition by trial or cross-motions for summary judgment on the declaratory and/or injunctive relief requested by Plaintiffs.

47. In the alternative, the Court should grant Plaintiffs leave to amend their complaint if it finds any merit to Defendants' motions.

Respectfully Submitted on September 13, 2012,

　/s/ Donald Kilmer
Donald E.J. Kilmer, Jr., (SBN: 179986)
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Churchill, et al v. Harris, et al*　　　Page 16 of 16　　　Plaintiffs' Opposition MTD (DOJ)