| | |
|---|---|
| 1 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | TAMAR PACHTER<br>Supervising Deputy Attorney General |
| 3 | DANIEL J. POWELL<br>Deputy Attorney General |
| 4 | State Bar No. 230304<br> 455 Golden Gate Avenue, Suite 11000 |
| 5 | San Francisco, CA 94102-7004<br> Telephone: (415) 703-5830 |
| 6 | Fax: (415) 703-1234<br> E-mail: Daniel.Powell@doj.ca.gov |
| 7 | *Attorneys for Defendants*<br>*Kamala D. Harris, Attorney General of California* |
| 8 | *California Department of Justice* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DOUGLAS CHURCHILL, PETER LAU, THE CALGUNS FOUNDATION, INC., THE SECOND AMENDMENT FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS - as Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, CITY/COUNTY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT, CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT and Does 1 to 20,**<br><br>Defendants. | 12-1740 (LB)<br><br>**DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL OF CALIFORNIA AND CALIFORNIA DEPARTMENT OF JUSTICE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF**<br><br>Date:      October 18, 2012<br>Time:     11:00 a.m.<br>Courtroom: C, 15th Floor<br>Judge:    The Honorable Laurel Beeler |

1

**INTRODUCTION**

In plaintiffs' Memorandum Opposing the Motion to Dismiss (Opp.), plaintiffs do not identify any material questions of fact that would preclude this Court from granting the Attorney General of California and California Department of Justice's (collectively, Attorney General) Motion to Dismiss. Nor have they established that this Court has subject matter jurisdiction or that plaintiffs have stated a claim for which relief can be granted. It is undisputed that it was the local LEA defendants, not the Attorney General, that declined to return plaintiff Churchill's firearms, and accordingly there is not a sufficiently direct connection between the Attorney General and the purported denial of Churchill's Second and Fourteenth Amendment rights to satisfy the Eleventh Amendment. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). Even if this Court did have jurisdiction, requiring that an individual show some proof of ownership of a firearm before the government returns the property does not violate the Second Amendment or due process.

**ARGUMENT**

**I. THE CALIFORNIA ATTORNEY GENERAL AND DEPARTMENT OF JUSTICE ARE IMMUNE FROM SUIT PURSUANT TO THE ELEVENTH AMENDMENT.**

As explained in the Attorney General's Motion to Dismiss, the Eleventh Amendment allows a suit for injunctive relief only where "it is plain that such officer [has] some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa,* 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young,* 209 U.S. 123 (1908) at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass 'n* v. *Eu,* 979 F.2d 697, 704 (9th Cir. 1992).

Yet it is precisely the Attorney General's[1] "general or supervisory power" that forms the basis for plaintiffs' suit. Plaintiff argues that because the Attorney General mentions in a letter *to*

---

[1] As stated in the Motion to Dismiss, state agencies such as the Department of Justice are immune from suit, and it should be dismissed as a defendant. *Sauceda v. Dept. of Labor &*
(continued…)

2

*plaintiff* that a local law enforcement agency (LEA) must confirm ownership before returning a firearm to a claimant, she has somehow violated the Second Amendment and due process when *the LEA* refused to return the firearm to plaintiff. Nowhere does plaintiff allege that it is the Attorney General who refused to return a firearm. Rather, it is her suggestion to LEAs that they require proof of ownership that allegedly constitutes the constitutional violation. But as plaintiffs admit, it is the LEA that administers the law in question. *See, e.g.,* Opp. at 15 ("It is the Defendants' embellishments on the process that create a false/misleading impression on LEAs administering the law that are the rub.") While the Attorney General is not purporting to supervise the LEAs in her letters to private claimants such as plaintiff, even if she were, that would be insufficient to give this court subject matter jurisdiction over plaintiffs' suit. Accordingly, it must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## II. REQUIRING CLAIMANTS TO ESTABLISH OWNERSHIP OF WEAPONS DOES NOT VIOLATE THE SECOND OR FOURTEENTH AMENDMENTS

Even if the Attorney General's letter were sufficiently connected to the LEA's decision not to return a firearm to satisfy *Ex Parte Young*, it would not violate the Second Amendment or the Due Process Clause. Plaintiffs' primary complaint appears to be that "notwithstanding the plain language of CA Penal Code §33855 – Requirements for Return, which does **NOT** require proof of ownership, Cal-DOJ insists through their release letter that a gun-owner prove ownership of their personal property. . . ." Opp. at 7. While it is true that the statute does not expressly require an LEA to return a firearm to its "owner," that is the only reasonable construction of the statute. First, section 33850(b), which governs the situation where an individual does not wish to have the firearm returned to him, expressly references the "owner" of the firearm. Second, the statute under which the Attorney General is required to send a letter to plaintiffs, section 33850, references an application filed by a person who "claims title" to any firearm.[2] Even plaintiffs seem to acknowledge that the statute, properly construed, requires that an LEA return a firearm to

---

(…continued)
*Indus.*, 917 F.2d 1216, 1218 (9th Cir. 1990).
[2] Title to property includes both the right to possess the property as well as ownership. *See* Black's Law Dictionary 1522 (8th ed. 2004).

3

its "owner." "The California Penal Code has — what initially appears to be — a perfectly reasonable procedure for Law Enforcement Agencies to take firearms into custody *and return them to their <u>owners</u>* when legitimate law enforcement action requires these temporary seizures. Opp. at 4 (emphasis added). Failure to interpret section 33855 as requiring the LEA to return a firearm to the owner would mean that *anyone* could claim a firearm in the custody of the LEA.

As established in the Attorney General's Motion to Dismiss, it does not violate either the Second Amendment or the Due Process Clause to require an individual to show proof of ownership before returning a firearm from government custody to a claimant. The Attorney General has not suggested that Churchill may not possess a firearm or be restricted in the exercise of his Second Amendment rights. The Attorney General has simply reiterated that her letter to the plaintiff does not establish his ownership of a firearm and that he must show some proof of ownership to have the firearms returned to him. Nothing in the Second Amendment prohibits state and local officials from requiring some evidence of ownership in order to turn over a firearm, especially when so many checks and requirements exist to obtain a weapon in the first instance.

Nor does it violate Due Process to require claimants to produce evidence of ownership as a condition to returning a firearm. The Attorney General has not proscribed what evidence is required or set a particular burden of proof; she has simply stated that the plaintiff must establish ownership to the satisfaction of the local LEA, who is responsible for returning the firearm, *not* the Attorney General. Cal. Penal Code § 33855. Plaintiff has cited no case for the proposition that a government may not require *some* proof of ownership before releasing property, particularly dangerous property, to a claimant, and no such authority exists. Rather, considering the factors in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) shows that requiring a claimant to establish ownership before claiming property held by the state actually reduces the risk of erroneous deprivation and serves the government's interests in ensuring that it return firearms to those who lawfully own them.

//
//
//

4

**CONCLUSION**

Plaintiffs have not stated a claim against the Attorney General for which relief can be granted. This Court should dismiss the complaint against the State Defendants, with prejudice.

Dated: September 19, 2012                           Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ Daniel J. Powell

DANIEL J. POWELL
Deputy Attorney General
*Attorneys for Defendants*
*Kamala D. Harris, Attorney General of California; California Department of Justice*

SA2012106334
20638851